**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| LATANYA COCHRAN, | ) | |
| | ) | No. 2:12-cr-00119-DCN |
| Petitioner, | ) | No. 2:12-cv-03658-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Latanya Cochran's ("Cochran") motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies Cochran's § 2255 petition and grants the government's motion for summary judgment.

## I.   BACKGROUND

On May 1, 2012, Cochran pleaded guilty to conspiring to commit mail fraud, wire fraud, and education financial aid fraud in violation of 18 U.S.C. § 371. On October 15, 2012, the court sentenced Cochran to 18 months imprisonment. Judgment was entered on October 18, 2012.

On November 30, 2012, Cochran filed a motion under 28 U.S.C. § 2255 in the United States District Court for the District of South Carolina. On May 16, 2013, the government filed a motion to dismiss or, in the alternative, for summary judgment. Cochran filed a response on August 13, 2013.

1

## II.   STANDARDS

Petitioner appears pro se in this case.  Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980).  Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The government has filed a motion for summary judgment.  Summary judgment shall be granted if the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Id. at 255.

### III.   DISCUSSION

Cochran argues that the court has no jurisdiction over her on the basis that she is an "Original Native of the land of South Carolina" and that she is being restrained and deprived of due process unlawfully by the government.  Pet'r's Pet. 2–3.  The government asserts that Cochran's claims are waived pursuant to her plea agreement.  Resp't's Br. 2.

The Court agrees with the government that the arguments raised in Cochran's petition have been waived.  Paragraph 16 of the Plea Agreement contains the following language:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.  This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement ¶ 16, ECF No. 282.

Cochran's motion does not assert either ineffective assistance of counsel or prosecutorial misconduct, nor does it fall outside of the scope of the waiver contained in the Plea Agreement.  Nor is there any indication that this waiver was not given knowingly and voluntarily.  See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) ("We have [] held that a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." quoting United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991)).  Indeed, at her plea hearing, the court read

the waiver language from the Plea Agreement and then specifically asked Cochran whether she understood that she was giving up her right to "some postconviction relief under habeas corpus under 18 U.S.C. 2255," to which Cochran answered affirmatively. Hr'g Tr. 14, 16.  Accordingly, Cochran's motion is barred.  See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (recognizing the validity of a knowing waiver of collateral review within a plea agreement).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

The court also **DENIES** issuing a certificate of appealability because Cochran has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

                              **DAVID C. NORTON**
                              **UNITED STATES DISTRICT JUDGE**

**May 19, 2015**
**Charleston, South Carolina**